UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERNESTO GALARZA | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:01CV986 (AWT) |
| VS. | : | |
| | : | |
| LOMBARD FORD and | : | |
| ROBERT LOMBARD | : | |
|     Defendants. | : | JUNE 14, 2004 |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

Pursuant to D. Conn. L. Civ. R 7(d), the Defendants, Lombard Ford, Inc. ("Lombard Ford") and Robert Lombard, hereby submit the foregoing Reply Memorandum in Support of their Motion for Summary Judgment.[1]

**I.     INTRODUCTION**

On May 24, 2004, the Plaintiff filed his Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment. The documents submitted by the Plaintiff, however, fail to meet the Plaintiff's burden of demonstrating not only that the Defendants legitimate, non-discriminatory reason for the Plaintiff's termination, *i.e.*, the Plaintiff's inability to perform the position of General Manager due to his poor work performance was pre-textual, but he has also failed to sustain his ultimate burden that that the Defendants discriminated against the Plaintiff based on his race or ethnicity. (Plaintiff's Opposition, pp. 19-24). The Defendants' legitimate, non discriminatory

---

[1] On June 8, 2004, the Defendants moved for an extension of time to file their reply memorandum up to and including June 11, 2004. The Defendants were unable to file their reply memorandum on that date due to the closing of Federal Courts.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

reason for the Plaintiff's termination is supported by significant financial and statistical information compiled by the Defendants and Ford Motor Corporation. See **Exhibits B, C, D, I, though N.** The so-called "evidence" submitted by the Plaintiff in opposition to the defendants' motion for summary judgment, however, amounts to nothing more than hearsay, speculation and conclusory statements insufficient to defeat summary judgment.[2] Notably, the Plaintiff has withdrawn his claims for negligent infliction of emotional distress, invasion of privacy and theft in the Fourth, Tenth and Fifteenth Counts. Accordingly, the Court should grant the Defendants' Motion for Summary Judgment as to all Counts of the Complaint dated May 30, 2001.

## II.     LAW AND ARGUMENT

### A.     Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case, on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The mere existence of factual issues as to some element will not suffice to defeat a motion for summary judgment, when such issues are not material to the claims before the court. Cartier v. Lussier, 955 F.2d 841, 845 (2nd Cir. 1992) (citations omitted).

---

[2] The Defendants will file a separate Motion to Strike the "Affidavits" of Ernesto and Kathleen Galarza, the Plaintiff's Response to Local Rule 56(a)(2) Statement and references in the Plaintiff's Opposition memorandum based upon the hearsay and conclusory statements contained therein.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

A party may not create its own "genuine" issue of fact simply by presenting contradictory or unsupported statements.  See Securities & Exch. Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978).  Mere conclusory allegations in legal memoranda are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist.  See Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2nd Cir. 1980).  Moreover, in ruling on a motion for summary judgment, "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 619 (2d Cir.1996).

Although plaintiff has attempted to identify genuine issues of material fact throughout his brief, he misapplies and mischaracterizes the evidentiary record for that purpose.  Moreover, the Plaintiff has relied upon hearsay, speculation and conclusory statements, which are wholly irrelevant to the issues raised by Defendants' motion.  Once the immaterial "facts" are removed from Plaintiff's submissions, any remaining claims amount to a recitation of his complaint, to which Defendants have applied established legal standards in arguing for summary judgment.  As such, since there are no disputed facts which relate to the basis for the Defendants' motion, the Court should grant summary judgment in their favor.

### B. The Plaintiff Has Failed to Meet His Burden to Demonstrate Unlawful Discrimination.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Plaintiff has failed to meet his prima facie case to demonstrate that he was qualified for the position of General Manager. It is undisputed that the Plaintiff was not qualified for the position of General Manager since he had no prior experience in that position. See Plaintiff's Local Rule 56(a)(2) Statement, ¶ 7; **Exhibit E**. Moreover, the Plaintiff admits that he lacked the credentials for the position of General Manager in his letter to Mr. Lombard dated March 16, 1999. **Exhibit F**. The undisputed financial and statistical evidence presented by the Defendants demonstrates that the Plaintiff was incapable of performing the position of General Manager, which ultimately formed the legitimate, non-discriminatory basis for his termination. See **Exhibits B, C, D, I, though N.**

The Plaintiff claims that under his tenure, the 1999 President's Award was a "testament to his exemplary performance." Plaintiff's Opp., p. 10. The Plaintiff's unbelievable assertion that he was responsible for the Defendants achieving the 1999 President's Award completely ignores the dealership's fifteen (15) year history of receiving the Distinguished Achievement Award, which led to the dealership earning the President's Award in 1999 based on the efforts of Robert Lombard, the President and owner of the dealership. See **Exhibit A**, pp. 12-15. It is undisputed that the Plaintiff began his employment with Lombard Ford in April 1999. See Plaintiff's Local Rule 56(a)(2) Statement, ¶ 15. It is simply incredible that the Plaintiff would make the assertion that he was responsible for the dealership receiving this award during his short employment with the Defendants and in light of the undisputed evidence

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

presented by the Defendants demonstrating his complete incompetence. Specifically, the Plaintiff was responsible for turnover of over fifty (50) employees during his tenure as well as a profit loss of over $108,000.00 in one year. See **Exhibit J; Exhibit A**, pp. 73-75, 108-109; **Exhibit L**; **Exhibit A**, pp. 118-120. In addition, under the Plaintiff's tenure as General Manager, Lombard Ford's owner loyalty decreased from 42% to 27%. See **Exhibits I, C**. Remarkably, it took the Defendants until the year 2002 following the Plaintiff's termination to recover from the Plaintiff's incompetence and again achieve the President's Award. See **Exhibit A,** p. 15. The Plaintiff provides only his self-serving statements in his Affidavit in support of his remarkable claims of "exemplary performance." As such, the Plaintiff has failed to meet his prima facie case for discrimination and summary judgment must enter in favor of the defendants.

Even if the Plaintiff was able to meet his prima facie case for discrimination, he has failed to meet his ultimate burden that the Defendants' legitimate, non-discriminatory reasons for his termination were pre-textual or that the Defendants discriminated against the Plaintiff based on his race. See Slattery v. Swiss Reins. Am. Corp., 248 F.3d 87, 91 (2d Cir.2001). The Plaintiff, however, apparently urges this Court to adopt a "mixed-motive" standard to analyze the Plaintiff's claims despite any evidence of direct discrimination based on race. See Pl's Opp., p. 11.

To satisfy this burden in such a "mixed-motive" case, the Plaintiff must demonstrate more than the "not onerous" Mc Donnell Douglass factors, rather he must present sufficient evidence to support a finding that "[i]f we asked the employer at the

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

moment of the decision what its reasons were and if we received a truthful response, one of those reasons would be [the employee's race]." Price Waterhouse, 490 U.S. at 250, 109 S.Ct. at 1790. In support of this argument, the Plaintiff submits his own self serving statements of alleged derogatory racial workplace remarks and Mr. Lombard's alleged refusal to hire African-American salespersons. See Pl's Opp., p. 10. The Plaintiff's so-called evidence is simply unworthy of belief and does not raise an issue of fact, given that the Defendants' decision to terminate the Plaintiff was based on the undisputed evidence regarding the decrease in profitability, customer loyalty and the substantial employee turnover during the Plaintiff's employment. See **Exhibits B, C, D, I, though N.**

The Plaintiff further argues that the Defendants changed the reasons for the Plaintiff's termination which suggest pre-text. See Pl's Opp., p. 11. The Plaintiff claims that the Defendants terminated the Plaintiff for poor performance or incompetence, but later suggest a "reorganization," which eliminated the Plaintiff's position. See Id. The Plaintiff's argument ignores the fact that the Plaintiff was terminated because of his poor work performance and there is no longer a General Manager position at Lombard Ford because of the Plaintiff's poor performance. See **Exhibits S, Exhibit A**, pp. 18-20. Accordingly, since the Plaintiff has failed to demonstrate a pre-textual reason for the his termination, or that the decision to terminate the Plaintiff was based on race or ethnicity, under either standard, the Defendants are entitled to summary judgment.

    **C.**    **The Defendants are entitled to Same Actor Inference.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Plaintiff urges the Court to decline to apply the same actor inference for the reason that Mr. Lombard was not aware of the Plaintiff's ethnicity until Lombard Ford hired the Plaintiff's "much darker complected son." See Pl's Opp., pp 8-9. The Plaintiff further claims that his employee information form was altered by unknown hands after his termination. See Id. Despite the Plaintiff's attempts to create a genuine issue of fact with his own self-serving and conclusory statements, it remains undisputed that Mr. Lombard was aware of the Plaintiff's race and national origin prior to his hire based on the discussions during the three pre-employment meetings. **Exhibit A**, pp. 31-34. Since Mr. Lombard was the individual responsible for hiring and termination of the Plaintiff within a one year period, one cannot logically impute that the same person who hired the Plaintiff could discriminate against him based on his race. Indeed, the Plaintiff's claims in this regard do not suggest any discriminatory animus based on race if, as the Plaintiff suggests the Defendants had hired the Plaintiff's son with the knowledge of his "much darker complected son." Pl's. Opp., pp. 8-9. Accordingly, the Court should apply the same actor inference to this case and grant summary judgment in favor of the defendants.

**D.    The Plaintiff's Emotional Distress Claims Must Fail.**

The Plaintiff claims that the Defendants induced the Plaintiff to trust and rely upon them in accepting the position of General Manager. Pl's. Opp., p. 12. The Plaintiff claims that he was terminated without explanation and a promised employment

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

reference was never fulfilled. Id., pp. 12-13. As such, the Plaintiff claims that the "dislocation, the wrongful inducement and the racial innuendoes all support outrageous behavior by the Defendants." Id., p. 13. The Plaintiff's claims in this regard, however, do not rise to the level of extreme and outrageous behavior necessary to support a claim for intentional infliction of emotional distress. As a matter of law, the Plaintiff's so-called evidence of extreme and outrageous behavior of the Defendants is insufficient to support a claim for intentional infliction of emotional distress. See Appleton v. Board of Education, 254 Conn. 205, 757 A. 2d 1059 (2000). Notably, the Plaintiff has withdrawn his claim for negligent infliction of emotional distress. Pl's Opp., p. 5. Accordingly, summary judgment must enter in favor of the Defendants on the Plaintiff's emotional distress claims.

### E. The Plaintiff's Claims for Good Faith and Fair Dealing Must Fail as a Matter of Law.

The Plaintiff's claims that he was terminated due to his race and ethnicity. See Complaint, First through Third Counts. The Defendants, however, have demonstrated that the Plaintiff has no cause of action for wrongful termination where he has an adequate statutory remedy for the alleged violations. See Def's Mem., pp. 28-31. The Plaintiff claims that "some form of ownership was part of the inducement to contract" which is the necessary predicate for a claim of breach of good faith and fair dealing. See Pl's Opp., p. 14. It is undisputed, however, that the Plaintiff left New Jersey because his wife wanted to move to the country and the Plaintiff feared for his family's

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

heath due to environmental problems.  See Plaintiff's Local Rule 56(a)(2) Statement, ¶ 5.  Moreover, it is undisputed that the Plaintiff was an at-will employee and there was not contract for employment with Lombard Ford.  See Id., ¶¶ 12-13.  As such, the Plaintiff's claims for breach of the implied covenant of good faith and fair dealing fail as a matter of law and summary judgment must enter in favor of the Defendants.

### F. There is No Genuine Issue for Trial Regarding the Plaintiff's Breach of Contract Claims.

In support of his claims for breach of contract, the Plaintiff asserts that the "Defendants concede that ownership was discussed as an inducement to the Plaintiff." Pl's. Opp., p. 16.  The Plaintiff claims that such inducements and promises are entitled to be enforced as contractual commitments.  Id.  To the contrary, the Defendants have not conceded that ownership was discussed as part of the agreement.  In fact, the Defendants specifically deny that ownership in the dealership was ever mentioned.  See Defendants' Local Rule 56(a)(1) Statement, ¶ 14; **Exhibit A**, pp. 40-41.  The Plaintiff's allegations regarding the promises allegedly made by Mr. Lombard were no more than representations which manifested no intention to undertake any immediate contractual obligation to the Plaintiff.  See D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 214 n.2 (1987).  As such, any such alleged statements do not provide any contractual obligation to the Plaintiff.  It is undisputed that the Plaintiff left New Jersey because his wife wanted to move to the country and the Plaintiff feared for his family's heath due to environmental problems.  See Plaintiff's Local Rule 56(a)(2)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Statement, ¶ 5. Moreover, it is undisputed that the Plaintiff was an at-will employee and there was not contract for employment with Lombard Ford. See Id., ¶¶ 12-13. For these reasons the Plaintiff's claims for breach of contract must fail as a matter of law and summary judgment must enter in favor of the Defendants.

### G. The Plaintiff's Wage Claims Must Fail

Despite the overwhelming evidence regarding the Plaintiff's poor performance, the Plaintiff continues in his remarkable claims for "unpaid wages." Pl's. Opp., p. 16-17. The Plaintiff claims in the Eleventh and Twelfth Counts that the Defendants violated Conn. Gen. Stat. § 31-72. The Plaintiff claims the Defendants failed to compensate the Plaintiff as agreed including a performance bonus, the President's Award Bonus and the grant of equity in the company. See Complaint, Eleventh Count, ¶ 115. As set forth in the Defendants' Memorandum, the Plaintiff has not demonstrated any agreement that would entitle the Plaintiff to any such compensation. See Defendants' Mem., p. 31-35. Moreover, the Defendants have presented undisputed evidence regarding the Plaintiff's poor performance. See Id. Even if the parties had reached such an agreement, the dealership had suffered a $108,000.00 loss in profits during the Plaintiff's employment. See Defs' Mem, p. 10. It is beyond comprehension how the Plaintiff continues to claim he is entitled to compensation for a "bonus" in the face of such losses during his employment. Accordingly, summary judgment must enter in favor of the Defendants on the Plaintiff's wage claims.

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III. CONCLUSION

For all the above reasons, the Defendants respectfully request the Court to enter summary judgment in their favor on all counts of the Complaint.

> THE DEFENDANTS:
> LOMBARD FORD, INC. AND
> ROBERT LOMBARD
>
> By_____
> James M. Sconzo
> Fed. Bar # ct 04571 and
> Kevin R. Brady
> Fed. Bar #ct22135 of
> HALLORAN & SAGE LLP
> One Goodwin Square
> 225 Asylum Street
> Hartford, CT 06103
> (860) 522-6103

### CERTIFICATION

This is to certify that on this 14th day of June 2004, I hereby mailed a copy of the foregoing to:

Charles D. Houlihan, Jr.
Post Office Box 582
Simsbury, CT 06070

A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103

_____
Kevin R. Brady

558259.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105