UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ERNESTO GALARZA,              :
                              :
         Plaintiff,           :
                              :
v.                            :    Civ No. 3:01CV986(AWT)
                              :
LOMBARD FORD and              :
ROBERT LOMBARD                :
                              :
         Defendant.           :
                              :
------------------------------x
```

## ENDORSEMENT ORDER

The plaintiff brings this action alleging violations of the federal and state employment discrimination statutes and a variety of state laws. For the reasons set forth below, the Defendants' Motion for Summary Judgment (Doc. No. 37) is hereby GRANTED as to the Fourth, Fifth, Tenth and Thirteenth Counts, and DENIED as to the First, Second, Third, Sixth, Seventh, Eighth, Ninth, Eleventh and Twelfth Counts.

**FIRST, SECOND & THIRD COUNTS**

In the First and Second Counts, the plaintiff contends that the defendants discharged him on the basis of his race, ancestry, color and national origin in violation of 42 U.S.C. § 2000e et seq., ("Title VII) and Conn. Gen. Stat. § 46a-60 ("CFEPA"). In the Third Count, the plaintiff further contends that by reason of this unlawful discrimination, the defendants denied him the right to enforce contracts, including the making, performance and

modification of contracts and the enjoyment of all benefits,
privileges, terms and conditions of his employment, in violation of
42 U.S.C. § 1981.

Each of these claims is evaluated under the burden-shifting
analysis set forth in <u>McDonnell Douglas v. Green</u>, 411 U.S. 792
(1973).  As an initial matter, the defendants argue that the
plaintiff has failed to meet his initial burden of establishing a
<u>prima facie</u> case because (1) there is no evidence that he was
performing his job satisfactorily, and (2) the position from which
he was discharged has not been filled.  (Memorandum of Law in
Support of Defendants' Motion for Summary Judgment (Doc. No. 38)
("Defendants' Memorandum"), at 23.)  In arguing that the plaintiff
was not performing his job satisfactorily, the defendants rely on a
statement made by the plaintiff prior to accepting the position that
he was "aware that [he] did not have the 'full-fledged' credentials
that a true GM has."  (<u>Id.</u>, Ex. F.)  The defendants ignore, however,
the second half of the plaintiff's statement in which he states that
"[w]hat I lack initially in the 'back end' of the business I will
make up by my exceptional strength in the 'front'."  (<u>Id.</u>)  In
focusing on the plaintiff's qualifications prior to the commencement
of his duties, the defendants also fail to acknowledge that
defendant Lombard believed the plaintiff was qualified, as reflected
by his decision to hire the plaintiff in the first place.  Also, the
defendants present business statistics in support of their
contention that the plaintiff failed to perform satisfactorily once

2

he assumed the position of general manager.  However, the plaintiff counters with his own business statistics and other evidence.

The defendants also argue that the plaintiff has failed to demonstrate that his discharge occurred under circumstances giving rise to an inference of discrimination because his position has not been filled.  However, the plaintiff has pointed to other evidence, which, if credited, satisfies his initial burden of providing evidence that his discharge occurred under circumstances giving rise to an inference of discrimination, including his evidence that there was a change after defendant Lombard became aware that the plaintiff was Hispanic.  Additionally, genuine issues of material fact exist as to whether the defendants are entitled to the same actor inference.

Finally, for the same reasons that genuine issues of material fact exist as to the plaintiff's job performance, genuine issues of material fact exist as to whether the legitimate reason proffered by the defendants is pretextual.

Accordingly, the defendants' motion for summary judgment is being denied as to the First, Second and Third Counts.

**FOURTH COUNT**

The plaintiff has abandoned his claim of negligent infliction of emotional distress set forth in the Fourth Count. (See Opposition to Motion for Summary Judgment (Doc. No. 43) ("Plaintiff's Opposition"), at 5.)  Therefore, the defendants' motion for summary judgment is being granted as to the Fourth Count.

3

**FIFTH COUNT**

For the reasons set forth at pages 7 to 8 of the Defendant's Reply Memorandum in Support of Summary Judgment (Doc. No. 50), the defendants' motion for summary judgment is being granted as the plaintiff's intentional infliction of emotional distress claim set forth in the Fifth Count.

**SIXTH COUNT**

In the Sixth Count, the plaintiff sets forth a claim for aiding and abetting illegal employment practices.  For the reasons set forth in the court's discussion of the First, Second and Third Counts above, the defendants' motion for summary judgment is being denied as to the Sixth Count.

**SEVENTH COUNT**

It is clear from the Complaint and the Plaintiff's Opposition that the Seventh Count sets forth a claim for breach of the covenant of good faith and fair dealing.  (See Plaintiff's Opposition, at 13-15.)  Because the defendants have addressed the Seventh Count as if it set forth a claim for wrongful discharge, (see Defendants' Memorandum, at 28-31), they have failed to meet their initial burden at the summary judgment stage with respect to the claim set forth in the Seventh Count.  Therefore, the defendants' motion for summary judgment is being denied as to the Seventh Count.

**EIGHTH, NINTH, ELEVENTH & TWELFTH COUNTS**

In the Eighth and Ninth Counts, the plaintiff claims that the defendants breached the terms of an employment contract that

4

they entered into with the plaintiff.  In the Eleventh and Twelfth
Counts, the plaintiff claims that the defendants have failed to pay
him compensation which he is due under his employment contract.
Because genuine issues of material fact exist, <u>inter</u> <u>alia</u>, as to
whether the parties formed a contract, which gave rise to
obligations that the defendants are alleged to have breached, the
defendants' motion for summary judgment is being denied as to the
Eighth, Ninth, Eleventh and Twelfth Counts.

**TENTH COUNT**

The plaintiff has abandoned his claim for invasion of privacy
set forth in the Tenth Count. (Plaintiff's Opposition, at 5.)
Therefore, the defendants' motion for summary judgment is being
granted as to the Tenth Count.

**COUNT THIRTEEN**

The plaintiff has abandoned his claim for theft set forth in
Thirteenth Count. (Plaintiff's Opposition, at 5.)  Therefore, the
defendants' motion for summary judgment is being granted as to the
Thirteenth Count.

It is so ordered.

Dated this 30th day of March 2006 at Hartford, Connecticut.


_____/s/_____
Alvin W. Thompson
United States District Judge

5