UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ERNESTO GALARZA** | : |
| | : CIVIL ACTION NO. |
| | : |
| v. | : 3:01 CV 986 (AWT) |
| | : |
| | : April 11, 2007 |
| **LOMBARD FORD and ROBERT LOMBARD** | : |

**JOINT TRIAL STATEMENT**

**1.   TRIAL COUNSEL**

Plaintiff's Counsel:

Charles D. Houlihan, Jr.
Post Office Box 582
Simsbury, CT 06070
860.658.9668
fax: 860.658.1339
charles.houlihan@sbcglobal.net

A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103

Defendants Counsel:

Robert A. Rhodes
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880
(203) 227-2855

**2.   JURISDICTION**

Civil Rights Action: 28 U.S.C. § 1331, 28 U.S.C. § 1367, 42 U.S.C. § 2000e

**3.   Jury Trial**

## 4. NATURE OF CASE

The plaintiff claims that he was terminated from his position as general manager because of his race, ancestry, color and national origin in violation of 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. §1981, and Conn. Gen. Stat. Ann. § 46a-60 and in breach of contract.

The plaintiff is also asserting claims for breach of contract based on an alleged oral promise of an equity ownership in the defendant dealership.

## 5. STIPULATIONS OF FACT AND LAW

a.  The plaintiff was hired to be the general manager of the defendant automobile dealership in March of 1999.

b.  The plaintiff actually served as general manager from approximately April 1, 1999 until his termination on or about May 1, 1999.

c.  There was no written contract for employment, bonus or an equity interest in the dealership.

d.  The CHRO/EEOC Charge alleged that Plaintiff experienced such illegal discrimination during the course of his employment at Lombard Ford in violation of Conn. Gen. Stat. Ann. § 46a-60 and 42 U.S.C. §2000e.

e.  The CHRO a release of jurisdiction pursuant to Conn. Gen. Stat. Ann. §46a-101 permitting Plaintiff to institute a civil action.

## 6. PLAINTIFF'S CONTENTIONS

Plaintiff was hired as the general manager of Lombard Ford, lured by the promise of attaining ownership in the company. Defendant Lombard indicated to others that Plaintiff was of Italian descent. For the first several months, Plaintiff was regularly complimented by Lombard for improving the business of the dealership. When Lombard discovered that Plaintiff was Hispanic, he began to treat him in a demeaning and hostile manner.

Plaintiff made his goal to achieve the Ford Motor Company's President's Award, the highest level of recognition of a Ford dealership. Lombard believed that the President's Award was impossible to achieve during his first year. The dealership received the President's Award, and Plaintiff was summarily fired by Defendants. Defendants discriminated against Plaintiff on the basis of race, ethnicity, and heritage. Plaintiff alleges violations of 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. §1981, and Conn. Gen. Stat. Ann. § 46a-60 and breach of contract.

## 7. DEFENDANTS' CONTENTIONS

The defendants contend that the plaintiff termination from his position as general manager was completely unrelated to his race or ethnicity. The plaintiff was terminated because of the high turnover of employees during his tenure and his failure to increase the profitability of the business.

The defendants also contend that the plaintiff was an employee at will who could be terminated for any reason or no reason at all. The defendants deny any contracts concerning a bonus or an equity interest in the dealership.

## 8. LEGAL ISSUES

a. Has the plaintiff established a prima facie case of discrimination on the basis of race, ancestry, color or national origin.

b. Have the defendants set forth legitimate non-discriminatory reasons for the plaintiff's termination.

c. Has the plaintiff proven by a preponderance of the evidence that the reasons set forth by the defendants are false and that the real reason for his termination is because of his race, ancestry, color and national origin.

d. Has the plaintiff proven the existence of a contract concerning his claim of an equity interest in the defendant dealership.

e. Has the plaintiff proven that Defendants repudiated Plaintiff's employment contract because Plaintiff's race, to wit, an Hispanic of Ecuadorian ancestry, and denied

him the enjoyment of all benefits, privileges, terms and condition of the employment relationship as agreed when Defendants believed Plaintiff was a white citizen.

f.       Has the plaintiff proven the existence of an employment contract which provides that he can only be terminated for cause.

g.       Has the plaintiff proven that he was not terminated for cause.

## 9. VOIR DIRE QUESTIONS

<u>PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS</u>

a.       Have you or any members of your immediate family been accused of racial or ethnic bias in a work setting?

b.       Have you or any members of your immediate family been sued, or threatened to be sued, by an employee or someone who worked under your supervision?

c.       Do you disagree with the right of someone to file suit if they believe that they have been the subject of illegal discrimination?

d.       Do you believe that discrimination claims are usually excuses for poor job performance?

e.       If the jury finds that Defendants engaged in illegal discrimination, would you be able to consider an award of damages to Plaintiff in accordance with the instructions of the Court?

f.       Do you believe that a victim of illegal discrimination should not be awarded monetary damages under any circumstances?

g.       Could you follow the court's instructions to award monetary damages against Defendants if the evidence meets the standards given to you by the court?

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

1. Have you or any members of your immediate family ever been fired from a job?

2. Have you or any members of your immediate family ever brought a claim or lawsuit against an employer or former employer?

3. Have you or any members of your immediate family ever brought a claim or lawsuit because you believed that you have been the subject of any type of discrimination?

4. Do you believe that you or any members of your immediate family have ever been the subject of any type of discrimination by an employer or former employer?

5. Does the fact that the plaintiff is Hispanic and claims that he was terminated because of his ethnicity provide you with any doubt that you could be a fair, impartial and objective juror in this matter?

6. Have you or any members of your immediate family ever been involved in any disputes, claims or lawsuits with an automobile dealer?

7. Does the fact that one of the defendants is an automobile dealership provide you with any doubt that you could be a fair, impartial and objective juror in this matter?

8. Does the fact that one of the defendants is a business, and not an actual person, provide you with any doubt that you could be a fair, impartial and objective juror in this matter?

**10. Witnesses**

    Plaintiff's Proposed Witnesses:

a. Ernesto Galarza will testify concerning his background and experience, the hiring process at Lombard Ford, Lombard's constant ethnic and racial comments, Lombard's high level of satisfaction with him until Lombard was informed that Defendant was of Hispanic ancestry instead of Italian ancestry, that the employment record was altered to reflect an earlier disclosure of his ancestry, that Lombard refused to hire African-American salesmen, that Lombard insisted on terminated various employees for

age, that Lombard did not believe that Plaintiff could cause Lombard Ford to earn the President's Award, the highest level of recognition by Ford of its dealerships at that time, that Plaintiff caused Lombard Ford to earn the President's Award and that Lombard terminated his employment because of his Hispanic heritage.

b.	Cathy Galarza, Plaintiff's wife, will testify concerning the actions and statements made by Mr. and Mrs. Lombard during the interview process, the reasons Plaintiff accepted the position at Lombard Ford, his work intensity and the emotional distress caused by the termination.

c.	Ernesto Galarza, Jr. will testify concerning his temporary employment at Lombard Ford and the emotional stress and turmoil caused to his father by his termination at Lombard Ford.

d.	Brandy Turner, 185 New Ludlow Rd Apt 210, Chicopee, MA 01020-4356 will testify to Plaintiff's work ethic and leadership at the dealership.

e.	Joseph Holstein will testify concerning the promises which induced Plaintiff to move to Lombard Ford.

f.	Lawrence D. Copp of Economic & Policy Resources, Inc. 2141 Essex Road, Suite 5, Williston VT 05495-1660 will testify with respect to the findings of his economic assessment of the damages sustained by Plaintiff.
	Defendants' Objection:	Untimely disclosure

g.	Donald Hiller, 106 Ledge Road, Winsted, CT 06098-4129 was cheated by Mr. Lombard on a full commission for a sale.
	Defendants' Objection:	relevance

h.	David Bettignole will testify that he was routinely referred to as "The Hebe".
	Defendants' Objection:	relevance

i.	Heather Verdone will provide testimony concerning the accounting work she performed for Lombard Ford and Mr. Lombard's boat dealership.
	Defendants' Objection:	relevance

j.      Andrew Ashman of Ford Motor Company (by deposition) concerning the nature of the President's Award and the explanation of the 1984 statement.
        Defendants' Objections: relevance and lack of foundation.

Defendants' Proposed Witnesses

        1.      Rob Lombard will provide testimony concerning the hiring and termination of the plaintiff, as well, as his job performance.

        2.      Patricia Lombard will provide testimony concerning the hiring and termination of the plaintiff, as well, as his job performance.

        3.      Heather Verdone will provide testimony concerning the plaintiff's job performance, her experience working with the plaintiff, and the financial status of Lombard Ford during the plaintiff's tenure

        4.      David Bettigole, PO Box 529, Winsted, CT 06098, will provide testimony concerning his experience working with the plaintiff.

        5.      Edward O'Brien, 94 Fern Circle, Waterbury, CT 06708, will provide testimony concerning his experience working with the plaintiff.

        6.      David Vacila, 24 Eddy Road, Winsted, CT 06098, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

        7.      Ralph Hazen, 10 Ruth Cross, Hill, Winsted, CT 06098, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

        8.      Daryl Case, 72 Pine Street, Winsted, CT 06098, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

        9.      Ed Kendrall, 18 Hazelmeadow Place, Simsbury, CT 06070, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

10. Mark Jones, 1229 Winsted Rd. #23, Torrington, CT 06790, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

11. Raymond Barrett, 251 Round Hill Rd., Bristol, CT 06010, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

12. John Dagata, 99 Tosun Rd., Wolcott, CT 06716, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

13. Donald Hiller, 106 Ledge Dr., Winsted, CT 06098, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.
Defendants' Objection: relevance

14. Drake Viscome, 112 E. Main St., Pawling NY 12564, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

15. Gene Fercodini, 19 Andrea Ave., Wolcott, CT 06716, will provide testimony concerning his experience working at Lombard Ford during the plaintiff's tenure as general manager.

16. Expert Witness Bruce Patterson will provide testimony concerning the use of the internet on the laptop computer used by the plaintiff during his employment with Lombard Ford. Mr. Patterson's testimony will be consistent with his report which has been disclosed to plaintiff's counsel. A copy of his c.v. has also been disclosed.

17. Joe Holstein, P.O. Box 271762, West Hartford, CT 06127, will provide testimony concerning the negotiation of the terms and conditions of the plaintiff's employment with Lombard Ford.

## 11. EXHIBITS

Plaintiff's Proposed Exhibits

1. 1984 Report

2. Report of Lawrence D. Copp of Economic & Policy Resources, Inc.
    Defendants' Objection: hearsay and untimely disclosure.

3. Plaintiff's Action Plan for reinvigorating Lombard Ford.
    Defendants' Objection: lack of relevance and hearsay.

4. Magazine announcing President's Award.
    Defendants' Objection: lack of relevance and hearsay

5. Plaintiff's 1998, 1999, 2000, 2001 Income Tax Returns as necessary to support the findings in the report of Lawrence D. Copp.
    Defendants' Objection: untimely disclosure or Coop and relevance as to 1998 return

6. Plaintiff's CHRO/EEOC charge.

7. Letter dated September 26, 2000 from Plaintiff's counsel to CHRO bearing a date of receipt at the CHRO of October 4, 2000.

8. Letter dated October 6, 2000 from CHRO to Plaintiff acknowledging the filing of the CHRO/EEOC charge.

7. EEOC Right to Sue letter.

Defendant's Proposed Exhibits

1. Federal Tax Returns for Lombard Ford, Inc. for 1998
    Plaintiff's Objection: Not previously produced.

2. Federal Tax Returns for Lombard Ford, Inc. for 1999
    Plaintiff's Objection: Not previously produced.

3. Federal Tax Returns for Lombard Ford, Inc. for 2000
   <u>Plaintiff's Objection</u>: Not previously produced.

4. Federal Tax Returns for Lombard Ford, Inc. for 2001
   <u>Plaintiff's Objection</u>: Not previously produced.

5. Employment Application completed by Ernesto Galarza

   <u>Plaintiff's Objection</u>: Foundation as to ethnicity statement.

6. List of separated employees during plaintiff's employment with Lombard Ford.

7. List of separated employees prior to plaintiff's employment with Lombard Ford

   <u>Plaintiff's Objection</u>: relevancy and materiality.

8. List of separated employees after plaintiff's employment with Lombard Ford.

   <u>Plaintiff's Objection</u>: relevancy and materiality.

9. Profit summary during plaintiff's employment with Lombard Ford and the year prior to plaintiff's employment.

   <u>Plaintiff's Objection</u>: Lack of Foundation. Defendant must prove or produce all business records upon which the summary is based.

10. Report of Bruce Patterson.

11. Attendance Records of Ernesto Galarza.

12. List of Awards received by Lombard Ford.

    <u>Plaintiff's Objection</u>: Relevance. Different awards for different years are based on differing criteria, which must be proven.

      13.    Correspondence from Joe Holstein re: terms of plaintiff's employment dated March 16, 1999.

      14.    Survey Reports from Ford Motor Company.
              <u>Plaintiff's Objection</u>: Not previously produced.

      15.    Lombard Ford policy concerning wages and benefits of separated employees.

      16.    Income Tax Return of Ernesto Galarza for 2000.

      17.    Income Tax Return of Ernesto Galarza for 2001.

      18.    Monthly financial statements for 1998.
              <u>Plaintiff's Objection</u>: Not previously produced.

      19.    Monthly financial statements for 1999.
              <u>Plaintiff's Objection</u>: Not previously produced.

      20.    Used Car depreciation for 1998.
              <u>Plaintiff's Objection</u>: Not previously produced.

      21.    Used Car depreciation for 1999.
              <u>Plaintiff's Objection</u>: Not previously produced.

**12.**   **DEPOSITION TESTIMONY**

    Deposition of Andrew M. Ashman, representative of Ford Motor Company.
        Pages 1-95, inclusive

        Pages 100-105

        Defendants' Objection: relevance and foundation

**13.**   **PROPOSED JURY CHARGES**

        See Attached.

### 14. ANTICIPATED EVIDENTIARY PROBLEMS

The defendants will be filing motions in limine regarding the admissibility of racially derogatory remarks allegedly made by Robert Lombard, and the admissibility of testimony by the plaintiff's expert economist.

### 15. PROPOSED FINDINGS AND CONCLUSIONS

Not applicable.

### 16. TRIAL TIME

Defendants' counsel anticipates that trial will take approximately 5 days.

### 17. FURTHER PROCEEDINGS

Plaintiff reserves the right to submit its application for attorney's fees post-judgment in accordance with existing practice.

The defendants will be filing a motion to bifurcate the trial concerning the issue of punitive damages.

### 18. ELECTION BY TRIAL BY MAGISTRATE

The defendants do not object to trial before a Magistrate Judge. However, Magistrate Judge Martinez has already presided over a lengthy settlement conference in this matter.

| | |
|---|---|
| **PLAINTIFF**<br>**ERNESTO GALARZA** | **THE DEFENDANTS:**<br>**LOMBARD FORD and ROBERT LOMBARD** |
| By: /s/ _____<br>Charles D. Houlihan, Jr.<br>Federal Bar No. CT 11416<br>Post Office Box 582<br>Simsbury, CT 06070<br>Telephone: (860) 658-9668<br>charles.houlihan@sbcglobal.net<br>Telecopier: (860) 658-1339 | By: [signature] _____<br>Robert A. Rhodes<br>Fed. Bar # ct 13583<br>HALLORAN & SAGE LLP<br>315 Post Road West<br>Westport CT 06880<br>(203) 227-2855 |

**13.    DEFENDANTS' PROPOSED JURY CHARGES**

**I.    DISCRIMINATION BASED ON RACE AND ANCESTRY UNDER CFEPA AND TITLE VII**

In this case, the plaintiff claims that he was terminated from his position as General Manager with Lombard Ford because he is of Hispanic ancestry.

Under the law, the plaintiff has the burden of proving this claim.

First, the plaintiff must prove what is called a prima facie case. To make out a prima facie case, a plaintiff must demonstrate (1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or other adverse employment action; and (4) the ultimate filling of the position with an individual who is not a member of the protected class.[1]

If you find that the plaintiff has failed to prove any of the elements of a prima facie case, you must find in favor or the defendants and render a verdict in their favor.

However, if you find that the plaintiff has proven the elements of a prima facie case, a presumption of discrimination is created and the burden of production shifts to

---

[1] Farias v. Instructional Systems, Inc., 259 F.3d 91, 96-98 (2d Cir. 2001).

- 14 -

the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action or termination.[2]

You must keep in mind that the defendant is not required to prove or persuade you that the articulated reason actually motivated its actions.[3] The defendant only bears the burden of producing or articulating a legitimate nondiscriminatory reason for the plaintiff's termination. In this case, the defendants claim that the plaintiff was terminated because of lack of performance, specifically, the high turnover of personnel and the failure to increase profits.

Once the defendant articulates a legitimate discriminatory reason for the plaintiff's termination, you must find in favor of the defendants and render a verdict in their favor unless the plaintiff can prove, by a preponderance of the evidence, that: (1) the reasons offered by the employer were mere false or unworthy of belief *and* (2) more likely than not the plaintiff's race was the real reason for his termination.[4]

It is not necessary for you to decide whether the reasons for the plaintiff's termination, offered by the defendants, were wise, fair, or even correct, so long as they truly were the reasons for the plaintiff's termination.[5] Even a reasoned decision based

---

[2] McDonnell Douglas, 411 U.S. at 802-03, 93 S.Ct. 1817; Farias, 259 F.3d 91, 96-98 (*citing* James, 233 F.3d at 154; Quaratino, 71 F.3d at 64).
[3] Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)
[4] Townsend v. Clairol, 2001 WL 173764 (D.Conn. 2001) affirmed 26 Fed.Appx. 75 (2002); St. Mary's v. Hicks, 509 U.S. 502, 507-508 (1981); Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2106 (2000).
[5] Hawkins v. Pepsico, 203 F.3d 274, 279 (4th Cir. 2000).

on incorrect facts is not evidence of pretext.[6] You, as a jury, should not substitute your judgment for that of the defendants. The defendants must be given latitude and autonomy to make business decisions, including workplace reorganization and terminations, as long as they do not violate the law.[7] The plaintiff must ultimately prove that he was terminated because of his race and ethnicity.

---

[6] Pollard v. Rea Magnet Wire, Co., 824 F.3d 557, 559 (7th Cir. 1987), cert. denied 484 U.S. 977(1987).
[7] Jiminez v. Mary Washington College, 57 F.3d 369, 377 (4th Cir. 1995).