UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERNESTO GALARZA | : |
| | : CIVIL ACTION NO. |
| | : |
| v. | : 3:01 CV 986 (AWT) |
| | : |
| | : April 2, 2007 |
| LOMBARD FORD and ROBERT | : |
| LOMBARD | : |

PLAINTIFF'S JURY INSTRUCTION REQUESTS

Plaintiff submits the following requests for instruction to the jury.

ERNESTO GALARZA
PLAINTIFF

By: __/s/_____
Charles D. Houlihan, Jr.
Federal Bar No. CT 11416
Post Office Box 582
Simsbury, CT 06070

Telephone:  (860) 658-9668
E-Mail:  charles.houlihan@sbcglobal.net
Telecopier:  (860) 658-1339

ATTORNEY FOR PLAINTIFF

**REQUEST NO. 1**

MOTIVATING FACTOR
ELEMENTS AND BURDEN OF PROOF

As to the plaintiff's claim that his race, ancestry, color and national origin was a motivating factor for the defendant's decision to discharge him, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was discharged by the defendant; and

2. the plaintiff's race, ancestry, color and national origin was a motivating factor in the defendant's decision to discharge the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

The plaintiff seeks damages against the defendant for a hostile work environment while employed by the defendants. In order to establish a hostile work environment based upon race, ancestry, color and national origin discrimination, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to verbal comments, criticisms, slights, demeaning acts or other verbal or physical conduct relating to plaintiff's race, ancestry, color and national origin.

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable man in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a hostile work environment based upon race, ancestry, color and national origin discrimination is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

**Defendants object to this charge and refers the Court to its charge on Discrimination Based on Race and Ancestry under CFEPA and Title VII.**

## REQUEST NO. 2

### ADVERSE EMPLOYMENT ACTION

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

### TANGIBLE EMPLOYMENT ACTION DEFINED

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as firing.

# REQUEST NO. 3

## Hostile Environment (alternative)

Plaintiff has alleged that he experienced unlawful discrimination by the acts and omissions of Lombard Ford and Robert Lombard, namely, that the alleged discrimination based on plaintiff's race, ancestry, color and national origin created a hostile or abusive working environment. The Plaintiff must prove, by a preponderance of the evidence, three things: (1) the plaintiff was a member of a protected class was subjected to conduct or words which a reasonable person would find unwelcome, hostile, or abusive; and (2) the plaintiff must also prove that he himself perceived the conduct or words to be unwelcome, hostile, or abusive; and (3) that defendants knew or had reason to know of the hostile environment, and despite knowing or having reason to know, failed to take prompt and effective measures to correct it.

As to the first element, in determining whether a reasonable person would perceive the defendants' actions or words to be unwelcome, abusive, or hostile, you may consider all of the circumstances in evidence, including, but not limited to: the frequency of any conduct claimed to be discriminatory; the severity of any such conduct; whether such conduct was pervasive or isolated; whether the conduct was physically threatening or humiliating, or merely offensive speech; whether the conduct unreasonably interfered with the employee's work performance, that is, whether the working conditions created a hostile environment which made performing the job more difficult.

As to the second element, the plaintiff must prove that he himself found the conduct or words to be unwelcome, hostile, or abusive. In making this determination, you should consider all of the relevant circumstances that are in evidence. While the plaintiff need not show that the offensive conduct or words affected her psychological well-being in order to succeed on her claim, doing so could be a factor in concluding that the plaintiff actually found the working environment to be abusive.

As to the third element, you may find the defendants responsible in the event that you find its officials knew or had reason to know of the hostile environment, and despite knowing or having reason to know, failed to take prompt and effective measures to correct it.

**Defendants reserve the right to object to this charge, but cannot do so at this time as it contains no case citations.**

# REQUEST NO. 3

The "discrimination" which plaintiff complains of in this action is discrimination because of his race, ancestry, color or national origin. In this connection, and in regard to plaintiff's claims that he was deprived of rights, privileges, or immunities secured by federal law, I would instruct you that various standards of the United States prohibit discrimination based upon race, color or national origin in the conditions of employment. Federal law provides in pertinent part that: "(a) It shall be an unlawful employment practice for an employer–

> '(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.'

Section 2000e-2 of 42 U.S.C.

Plaintiff contends that he was discriminated against because he is of Hispanic descent.

**Defendants object to this charge and refers the Court to its charge on Discrimination Based on Race and Ancestry under CFEPA and Title VII.**

# REQUEST NO. 5

## RETALIATION--DEFENSE--NON-RETALIATORY REASON--PRETEXT

If you find that the plaintiff has proven all three elements of plaintiff's retaliation claim by a preponderance of the evidence, you must find in favor of the plaintiff unless the defendant has articulated a legitimate, non-retaliatory explanation for the adverse employment action taken against the plaintiff. If the defendant has articulated a non-retaliatory explanation for the unfavorable action taken against the plaintiff, then you must find in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the defendant's alleged explanation is merely a pretext for impermissible retaliation.

In order to prove that the defendant's alleged explanation is a pretext for impermissible retaliation, the plaintiff must show both that the explanation is false and that retaliation was the real reason for the defendant taking the adverse employment action against the plaintiff.

If the plaintiff proved that the defendant's legitimate non-retaliatory reason was merely a pretext for impermissible retaliation, you must find in favor of the plaintiff unless the defendant proves by a preponderance of the evidence that the defendant would have taken the adverse employment action against the plaintiff even in the absence of retaliatory intent or motive.

<u>Adopted from Ninth Circuit Model Civil Jury Instructions</u>

**Defendants object to this charge and refers the Court to its charge on Discrimination Based on Race and Ancestry under CFEPA and Title VII.**

# REQUEST NO. 6

## Intentional Infliction of Emotional Distress

The plaintiff also contends that the defendants intentionally inflicted emotional distress. To successfully advance a cause of action for intentional infliction of emotional distress, the plaintiff must prove four elements: (1) that the defendants intended to inflict emotional distress or that they knew, or should have known, that emotional distress was a likely result of defendants' conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants' conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. When I use the terms "extreme" and "outrageous," I mean that the defendants' conduct must have exceeded all bounds usually tolerated by a decent society. To find for the plaintiff, the extreme and outrageous conduct of the defendant must have been so extreme, in your judgment, as to go beyond all possible bounds or decency and to be regarded as atrocious and utterly intolerable in a civilized community. If you have determined that the defendants intended to inflict emotional distress on the plaintiff, or that they should have known that emotional distress would likely result, and that the defendants' conduct was extreme and outrageous, you must also conclude that the defendants' conduct actually caused the plaintiff's distress. Lastly, you must also conclude that the plaintiff has proven by a preponderance of the evidence that the emotional distress she sustained was severe. Collins v. Gulf Oil Co., 605 F. Supp. 1519 (D. Conn. 1985); Reed v. Signoid Corp., 652 F. Supp. 129 (D. Conn. 1986); Petyan v. Ellis, 200 Conn. 243 (1986).

**The defendants object to this proposed charge as this claim was disposed of through summary judgment.**

# REQUEST NO. 7

**Extreme and Outrageous Conduct -- Defined**

Extreme and outrageous conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. Extreme and outrageous conduct is conduct which would cause an average member of the community to immediately react in outrage. Emotional distress includes all of the highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, anger, fear, anxiety and worry.

**The defendants object to this proposed charge as this claim was disposed of through summary judgment.**

## REQUEST NO. 8

Damages

If you determine that one or more of the defendants are liable to the Plaintiff for the wrongs alleged in this action, based upon any of the claims raised, you should then consider damages. The object of an award of damages is to place the injured party, as near as may be possible, in the situation he would have occupied, if the wrong had not been committed. Within the guidelines of these instructions, the amount to be awarded rests largely in your good discretion. <u>Albemarle Paper Company vs. Moody</u>, 422 U.S. 405 (1975). You should allow Ernesto Galarza such amount of money as will reasonably compensate him for the damages resulting from the wrongful conduct of the defendants. Actual damages are designed to provide compensation for such out-of-pocket losses such as medical expenses, loss of wages, earnings, and costs incurred by criminal trial. While mental and emotional distress may be hard to quantify, they are clearly compensable. They include damages for injuries resulting from stigmatization, invasion of privacy, interference with personal development, anxiety, embarrassment, nervousness, humiliation, and injury to reputation and dignity.

**Defendant objects to this proposed charge as it includes damages which are not claimed in this case such as medical expenses, costs of a criminal trial, stigmatization, invasion of privacy and injury to reputation.**

REQUEST NO. 9

**42 U.S.C. §1981**

The plaintiff claims damages under Title 42, Section 1981. This section reads as follows:

> "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

The statute protects individuals from employment practices which discriminate on the basis of race. For the purpose of this case, Section 1981 entitles an person of Hispanic descent to equal opportunity and treatment in employment. In order for Plaintiff to establish his claim, Plaintiff has the burden of proving by a preponderance of the evidence that Defendant had a racially discriminatory purpose or motive in the adverse employment actions taken. It is not easy to prove motive directly because there sometimes is no way to fathom or scrutinize the operations of the human mind. But you may infer the defendants' intent from the surrounding circumstances.

# REQUEST NO. 10

## Section 1981 – Elements

The Plaintiff's civil rights claim against Defendants in this case has the following essential elements:

First, that Lombard Ford and Robert Lombard intentionally discriminated against Plaintiff with respect to his race, ancestry, color and national origin and received unequal and different treatment while in Defendant's employ; that is, that he did not enjoy all of the benefits, privileges, terms and conditions of the employment relationship as others because of his race, ancestry, color or national origin race.

Second, that a motivating factor for such discrimination by Lombard Ford was the fact that plaintiff is of Hispanic origin and heritage, and,

Third, that as a direct result of such discrimination, Plaintiff sustained damages.

**Defendants object to this charge as it does not contain any language concerning the burden of proof which the plaintiff bears in prevailing on such a claim.**

# REQUEST NO. 11

## Damages

The plaintiff also claims damages resulting from the defendants knowingly subjecting the plaintiff to the deprivation of rights and privileges secured to him and protected by the Constitution and laws of the United States, Plaintiff further alleges that the acts of the defendants as alleged were maliciously, and wantonly, and oppressively done; and, by reason thereof, plaintiff asks for an award of punitive and exemplary damages, in addition to the actual or compensatory damages claimed by him.

## REQUEST NO. 12

If you determine that one or more of the defendants are liable to the Plaintiff for the wrongs alleged in this action, based upon any of the claims raised, you should then consider damages. The object of an award of damages is to place the injured party, as near as may be possible, in the situation he would have occupied, if the wrong had not been committed. Within the guidelines of these instructions, the amount to be awarded rests largely in your good discretion. <u>Albemarle Paper Company vs. Moody</u>, 422 U.S. 405 (1975). You should allow him such amount of money as will reasonably compensate him for the damages resulting from the wrongful conduct of the defendants. Actual damages are designed to provide compensation for such out-of-pocket losses such as medical expenses, loss of wages, earnings, and costs incurred by criminal trial. While mental and emotional distress may be hard to quantify, they are clearly compensable. They include damages for injuries resulting from stigmatization, invasion of privacy, interference with personal development, anxiety, embarrassment, nervousness, humiliation, and injury to reputation and dignity.

REQUEST NO. 13

**Punitive Damages**

If you find from a preponderance of the evidence in the case that the plaintiff is entitled to a verdict for actual or compensatory damages; and should further find that the act or omission of one or both defendants, which directly caused actual injury or damage to the plaintiff, was maliciously, or wantonly, or oppressively done; you may also decide whether the plaintiff is entitled to the award of any punitive damages. An act or a failure to act is maliciously done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member. An act or a failure to act is wantonly done, if done in reckless or callous disregard, or indifference to, the rights or one or more persons, including the injured person. In a case like this one, you may consider whether acts or omissions of a defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    a.    Willful or malicious violations of the plaintiff's rights;

    b.    An intentional act by the defendant in gross disregard of the plaintiff's rights;

    c.    Reckless disregard by the defendant of whether or not he was violating the plaintiff's rights.

If you find any of these things to have been proven, then you should award punitive damages. Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d. Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983).

**Defendants object to this proposed charge and refer the Court to its proposed charge on Punitive Damages.**

# REQUEST NO. 14

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

loss of income;

loss of economic opportunity;

emotional distress and mental anguish

The loss of enjoyment of life] experienced and which with reasonable probability will be experienced in the future;

The mental and emotional pain and suffering experienced by plaintiff and which with reasonable probability will be experienced in the future;

The reasonable value of [employment and business opportunities] lost to the present time and those which with reasonable probability will be lost in the future;

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## REQUEST NO. 15

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights , or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Defendants object to this proposed charge and refer the Court to its proposed charge on Punitive Damages.**

## REQUEST NO. 16

## NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## REQUEST NO. 17

You are instructed that, for purposes of the state and federal anti-discrimination laws, Plaintiff Ernesto Galarza is a member of a protected class. As a person of Hispanic ancestry, he is protected against race, ancestry, color and national origin discrimination, which includes protection against a hostile work environment.

# REQUESTS FOR FORM OF VERDICT AND JURY INTERROGATORIES

**JURY INTERROGATORIES**

The plaintiff respectfully requests the Court to submit the following interrogatories to the jury:

    We, the jury, being duly empanelled and sworn upon our oath unanimously make the following Answers to Special Interrogatories:

1. Did Ernesto Galarza prove by a preponderance of the evidence that defendants intentionally engaged in conduct at work which discriminated against My Nguyen because of his race, ancestry, color or national origin.

    Answer: _____
    Yes or No

2. Was the plaintiff denied the benefits of equal treatment in the workplace because of his race, ancestry, color or national origin policies?

    Answer: _____
    Yes or No

3. Do you find that the plaintiff has proved, by a preponderance of the evidence, that he was subjected to a hostile or abusive work environment on account of his race, ancestry, color or national origin?

    Answer: _____
    Yes or No

7. Do you find that plaintiff has proved by a preponderance of the evidence, that defendants engaged in extreme and outrageous conduct directed at him which was beyond all possible bounds of decency?

    Answer: _____
    Yes or No

# VERDICT

We, the jury, being duly empanelled and sworn upon our oath, find in favor of the plaintiff Ernesto Galarza, and against the following named defendant or defendants:

Lombard Ford                    _____
                                Yes or No


Richard Lombard                 _____
                                Yes or No


and assess damages in the sum of $_____.


In addition, we further find in favor of the plaintiff Ernesto Galarza upon his claim for punitive damages, and assess punitive damages in the sum of:


$_____ against Lombard Ford


$_____ against Richard Lombard


_____                                    _____
Date                                                       Foreman