UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERNESTO GALARZA | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01 CV 986 (AWT) |
| | : | |
| V. | : | |
| | : | |
| LOMBARD FORD AND ROBERT LOMBARD | : | |
| Defendant | : | MAY 8, 2007 |

## MOTION TO BIFURCATE THE ISSUE OF PUNITIVE DAMAGES

The undersigned defendants in the above-captioned matter respectfully request this Court to bifurcate the issue of the amount of punitive damages from the plaintiff's other claims.

The decision to bifurcate issues such as punitive damages is firmly within the discretion of the trial judge. <u>In Re Master Key Antitrust Litigation</u>, 528 Fed. 2d 5, 14 (2nd Cir. 1975). In determining whether bifurcation is proper, the Court must weigh the issues of convenience, judicial economy and possible prejudicial effects to the parties. See Federal Rules of Civil Procedure 42(b).

In the present action, the plaintiff is seeking punitive damages for conduct which allegedly resulted in discrimination based on race. As to this claim, the plaintiff is proceeding pursuant to 42 U.S.C. § 2000e. The purpose of awarding punitive damages is to punish a defendant and deter any similar conduct from occurring in the future.

Smith v. Wade, 461 U.S., 30, 54 (1983). In Aldrich v. Thomson, 756 Fed. 2d. 243, 249 (2nd Cir. 1985), the court held that punitive damages should not be greater than any amount necessary to punish a defendant and deter such conduct from occurring again. "[A]n award should not be so high as to result in financial ruin of the defendant . . . [n]or should it constitute a disproportionately large percentage of a defendant's net worth". Vasbinder v. Scott, 976 F.2d 118, 121 (2d Cir. 1992) [Citations omitted].

Accordingly, in determining the amount of punitive damages, the defendants' net worth must be determined so as to prevent a disproportionately large award.

To prevent such a disproportionate award, it is the defendants' burden to prove whether their financial circumstances require a limited, punitive damages award. Smith v. Licrhtenincr Bolt Productions Inc., 861 F.2d 363, 373 (2d Cir. 1988). In Smith, the Second Circuit opined that:

> Since it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all. If the jury finds in favor of the claimant on all these issues, the parties should then be allowed to present evidence with respect to the amount of the punitive damages award.

Id. at 373-74.

Additionally, judicial economy and convenience to the parties favor bifurcation of the issue of the amount of punitive damages. Should the jury find punitive damages are not warranted, time, money and effort would not have been wasted litigating the amount of reasonable punitive damages. Similarly, there would be no need to produce personal and intrusive evidence of the defendants' net worth.

Therefore, to avoid undue prejudice during the liability and compensatory damage phase of this action, attain judicial economy and convenience of the parties, the defendants respectfully request that this Court grant their motion to bifurcate the issue of the amount of punitive damages until the jury resolves the issue of liability, compensatory damages, and determines whether punitive damages are even warranted.

DEFENDANTS
LOMBARD FORD AND
ROBERT LOMBARD

By _____
ROBERT A. RHODES
HALLORAN & SAGE LLP
Fed. Bar #ct 13583
315 Post Road West
Westport, CT 06880
Telephone: (203) 227-2855
Facsimile: (203) 227-6992
rhodes@halloran-sage.com

315 Post Road West
Westport, CT 06880

3

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## CERTIFICATION

This is to certify that on this 8th day of May, 2007, I hereby mailed a copy of the foregoing to:

Charles D. Houlihan, Jr.
Law Office of Charles D. Houlihan, Jr.
1276 Hopmeadow Street
P.O. Box 582
Simsbury, CT 06070

A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103

ROBERT A. RHODES

853818_1 DOC

883696-1(HSFP)

315 Post Road West
Westport, CT 06880

4
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195