UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERNESTO GALARZA : | CIVIL ACTION NO. |
| Plaintiff : | 3:01 CV 986 (AWT) |
| V. : | |
| LOMBARD FORD AND ROBERT LOMBARD : | |
| Defendant : | MAY 8, 2007 |

**MOTION IN LIMINE RE: STRAY REMARKS**

I.   INTRODUCTION

In the present case, the plaintiff will seek to introduce racially derogatory statements he claims were made by Rob Lombard. As alleged in his paragraphs 14 and 15 of the Complaint, these statements concerning race were made shortly after the plaintiff accepted the position with the defendant, and approximately 13 months prior to his termination. The defendants move to preclude any evidence of these alleged statements from trial as they are irrelevant to the plaintiff's termination and their prejudicial effect far outweighs any probative value.

II.   ARGUMENT

For a comment in the workplace to be sufficient evidence for discrimination, it must be (1) related to the protected class of persons of which the plaintiff is a member; (2) the racially derogatory statements must have been made contemporaneous to the termination; (3) the racially derogatory statements must have been made by and individual with authority over the decision to terminate the plaintiff; and (4) the racially derogatory statements must have been

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

causally related to the decision to terminate the plaintiff. Krystek v. Univ. of S. Miss., 164 F.3d 251, 256 (5th Cir. 1999); see also Townsend v. Clairol, Inc., 26 Fed.Appx. 75, 78 (2d Cir. 2002), Geier v. Medtronic, Inc., 99 F.3d 238, 242 (7th Cir. 1996); Rush v. McDonald's Corp., 966 F.2d 1104, 1116 (7th Cir. 1992); de la Concha v. Fordham Univ., 5 F.Supp. 2d 188, 194 (S.D.N.Y. 1998).

In the present case, the alleged remarks are not sufficient evidence of discrimination because they were neither contemporaneous with the termination nor causally related to the termination. The alleged comments also include statements which do not pertain to the plaintiff's particular race and ethnicity. Additionally, the admission of testimony concerning these alleged comments would only serve to inflame the jury which would severely prejudice the defendants. Any probative value concerning these remarks would be immensely outweighed by the prejudicial impact on the defendants.

III.   CONSLUSION

For the foregoing reasons, the motion should be granted and any evidence of stray remarks concerning race should be precluded.

2

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

DEFENDANTS
LOMBARD FORD AND
ROBERT LOMBARD

By _____
ROBERT A. RHODES
HALLORAN & SAGE LLP
Fed. Bar #ct 13583
315 Post Road West
Westport, CT 06880
Telephone: (203) 227-2855
Facsimile: (203) 227-6992
rhodes@halloran-sage.com

315 Post Road West
Westport, CT 06880

3
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## CERTIFICATION

This is to certify that on this 8th day of May, 2007, I hereby mailed a copy of the foregoing to:

Charles D. Houlihan, Jr.
Law Office of Charles D. Houlihan, Jr.
1276 Hopmeadow Street
P.O. Box 582
Simsbury, CT 06070

A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103

_____
ROBERT A. RHODES

853818_1 DOC

883696-1(HSFP)

315 Post Road West
Westport, CT 06880

4
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195