UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERNESTO GALARZA : | |
| : | CIVIL ACTION NO. |
| : | |
| v. : | 3:01 CV 986 (AWT) |
| : | |
| : | May 30, 2007 |
| LOMBARD FORD and ROBERT : | |
| LOMBARD : | |

PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE
Re: STRAY REMARKS

Ernesto Galarza, Plaintiff herein, opposes Defendants' motion in limine re: stray remarks and represents as follows:

**Introduction**.

This is an employment discrimination action. Defendant Lombard is of Italian descent. After he hired Plaintiff to be the general manager of Lombard Ford, Lombard introduced Plaintiff as his 'new guinea wop.' Although cordial to Plaintiff and enthusiastic about Plaintiff's management of the dealership for the first five months, the relationship immediately went sour once Lombard learned that Plaintiff was of Hispanic descent. After Plaintiff obtained the highest achievement recognition within the Ford Motor Company, Lombard summarily fired Plaintiff.

During Plaintiff's tenure at Lombard Ford, Lombard was constantly derogatory regarding other races and ethnicities. The workforce was all white. He refused to allow

Plaintiff to hire an African American. He made frequent reference to "niggers" and "spics". He complained that mixed race couples "made him sick." He called the Jewish salesman "the Hebe." Affidavit of Ernesto Galarza in Opposition to Motion for Summary Judgment (¶¶ 16, 75-84).

Rob Lombard was equally candid about his racist sentiments in comments to Plaintiff's wife. He extolled the virtues of life in the Litchfield area, among which he included the scarcity of African-Americans in the area.   Affidavit of Kathleen Galarza in Opposition to Motion for Summary Judgment (¶¶ 8-12).

**Argument**

The present motion suggests that Lombard made a few "stray remarks" at the outset of the employment relationship that should not be admitted into evidence.  These "stray remarks" relate to Lombard's introduction of Plaintiff to the dealership employees. The suggestion is that these "stray remarks" are an aberration which are not relevant to this action.  To the contrary, Plaintiff contends these remarks capture precisely the hostile work environment.

Lombard introduced Plaintiff as his "new guinea wop." He boasted an ethnic identification with Plaintiff, implying that Italian ancestry made Plaintiff a trustworthy confidante.  The remarks explain both Lombard's appreciation of Plaintiff during the first five months, and Lombard's shunning of Plaintiff after his true heritage was revealed. The ethnic discrimination cannot be viewed in isolation.  It must be assessed in contrast to Lombard's mistaken assumption concerning Plaintiff's ethnicity.

The probative value of the remarks cannot be understated.  Plaintiff is an exemplary manager when he is believed to be Italian.  After Plaintiff's heritage is

revealed, he is an outcast, treated dismissively, and ultimately escorted from his office. That Plaintiff achieved Ford's highest recognition of a dealership is not a factor in his employment. The exposure of Plaintiff's ethnicity effectively ended his career at Lombard Ford, regardless of the quality of his work.

**Conclusion.**

The jury is entitled to assess Lombard's discriminatory conduct based upon how he conducted himself. He elevated his ethnicity above all others, and his comments reveal his racial and ethnic animus. Ultimately, Lombard elevated workplace purity over superb achievement by terminating Plaintiff. There were no stray remarks at Lombard Ford - only unguarded, deeply held racial beliefs.

**ERNESTO GALARZA**
**PLAINTIFF**


By: _____
Charles D. Houlihan, Jr.
Federal Bar No. CT 11416
Post Office Box 582
Simsbury, CT 06070

Telephone:   (860) 658-9668
E-Mail:     charles.houlihan@sbcglobal.net
Telecopier:  (860) 658-1339

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been mailed by United States mail, certified mail, return receipt requested, postage pre-paid to the following:

Robert Rhodes, Esq.
Halloran & Sage
315 Post Road West
Westport CT 06680-4739

on May 30, 2007.

                                          _____
                                          Charles D. Houlihan, Jr.
                                          Commissioner of the Superior Court