UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERNESTO GALARZA : | |
| : | CIVIL ACTION NO. |
| : | |
| v. : | 3:01 CV 986 (AWT) |
| : | |
| : | May 30, 2007 |
| LOMBARD FORD and ROBERT : | |
| LOMBARD : | |

**PLAINTIFF'S OPPOSITION TO MOTION TO BIFURCATE**

Ernesto Galarza, Plaintiff herein, opposes Defendants' motion to bifurcate the issue of punitive damages and states as follows:

**Introduction**.

This is an employment discrimination action involving race and ethnicity. Plaintiff seeks punitive damages pursuant to 42 U.S.C.§ 1981a (b). Defendants suggest that the financial value of the dealership is not a relevant issue until Plaintiff prevails on the issues of liability and damages.

Plaintiff was the general manager for Lombard Ford. During his tenure, Plaintiff's management caused the dealership to be awarded the highest recognition by the Ford Motor Company: the President's Award. The review of the criteria supporting the selection of the award necessarily involves significant assessment of the economics of the dealership. Further, Plaintiff was promised an ownership interest in the dealership,

an opportunity denied once his ethnicity became known.  The sales and revenues of the dealership constitute a key issue in Plaintiff's case in chief.

Similarly, financial matters affecting the dealership are critical to Defendants' defense in chief.  Lombard claims that Plaintiff's management was costing him significant losses, and that the termination was an unbiased business determination.

The financial status and profitability of the dealership will be at issue in the trial of this case, regardless of the punitive damages issue.

**Argument**

The District Court has discretion in determining whether to order a separate trial on a particular claim of a party.  Fed. R. Civ. P 42(b) provides that the court may order a separate trial of a claim "in furtherance of convenience or to avoid prejudice" if a separate trial "will be conducive to expedition and economy".

Defendants' claim of prejudice would have some relevance if this were a tort claim not involving the finances, value and profitability of the dealership.  For example, a car accident case would not involve financial issues where a driving mistake is at issue. Here, however, the case revolves around the financial value of the dealership.  All parties will be addressing and assessing the dealership's finances to demonstrate why the dealership received the President's Award and whether Plaintiff's termination was supported by a loss of profitability. In a case replete with financial evidence, there is no good reason not to let the case be decided at a single time.

Bifurcation of the punitive damages issue is wholly disruptive to the trial process and the reasonable expectations of jurors.  In *Vasbinder v. Ambach*, 926 F.2d 1333

(2nd Cir. 1991), the Second Circuit described the process to be followed in a bifurcated case. After completing the bulk of their work, the jury is required to return to hear additional evidence and argument, and returned to the jury room once more to deliberate again. The natural rhythm of a case - with the jury verdict the closing chapter - is disrupted. The interruption of the jurors lives continues, and their continuing attention may be diminished. If this process is not followed, a separate jury would need to be empaneled for a duplicative presentation of evidence. *Vasbinder v. Ambach* supra.

The bifurcation of a trial places a significant strain on judicial resources, complicating and elongating the trial process. In *Laurin v. Pokoik*, 2005 WL 911429 (S.D.N.Y.), the District Court found "any prejudice avoided would be minimal in comparison to the strain that bifurcation would place on the expeditious completion of trial."

Lastly, bifurcation creates unchartered issues with respect to the evaluation of a punitive damages award. In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003), the Supreme Court has instructed district courts reviewing punitive damages awards to consider whether "[t]he compensatory damages for the injury suffered ... were based on a component which was duplicated in the punitive award." Presumably, this type assessment is unnecessary, possibly prohibited, where the punitive claim is tried separately. In any event, bifurcation introduces the potential for additional issues to be addressed under the *State Farm* doctrine.

**Conclusion.**

Since this case places Defendants' financial situation before the jury in the parties' cases in chief, a separate trial of the punitive damages is unnecessary, inconvenient and wasteful of judicial resources.

                        **ERNESTO GALARZA**
                        **PLAINTIFF**

By: _____
     Charles D. Houlihan, Jr.
     Federal Bar No. CT 11416
     Post Office Box 582
     Simsbury, CT 06070

     Telephone:   (860) 658-9668
     E-Mail:    charles.houlihan@sbcglobal.net
     Telecopier:   (860) 658-1339

     **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been mailed by United States mail, certified mail, return receipt requested, postage pre-paid to the following:

Robert Rhodes, Esq.
Halloran & Sage
315 Post Road West
Westport CT 06680-4739

on May 30, 2007.

                                                  _____
                                                  Charles D. Houlihan, Jr.
                                                  Commissioner of the Superior Court