UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ERNESTO GALARZA** : | |
| : | CIVIL ACTION NO. |
| : | |
| v. : | 3:01 CV 986 (AWT) |
| : | |
| : | May 30, 2007 |
| **LOMBARD FORD and ROBERT** : | |
| **LOMBARD** : | |

**PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE RE EXPERT OPINION**

Ernesto Galarza, Plaintiff herein, opposes Defendants' motion in limine re: expert opinions and states as follows:

**Introduction**.

This is an employment discrimination action involving race and ethnicity. Plaintiff retained Lawrence Copp, an economist, to evaluate the economic losses sustained by Plaintiff in connection with the unlawful termination of his employment. By their present motion, Defendants seek to exclude Dr. Copp from testifying on the basis that he was not timely disclosed as an expert four years ago.

The basis of the motion is that the designation occurred outside of the time frames originally set forth in the Rule 26(f) report. Defendants reference none of the several orders extending the original deadlines for discovery stages.

By order dated July 7, 2003, the Court extended the discovery completion deadline to September 1, 2003.  By order dated September 24, 2003, the discovery completion date was extended to January 1, 2004.

Defendants never requested a deposition of Dr. Copp.

**Argument.**

During the preparation of this case, the parties worked cooperatively and obtained several extensions of time for various discovery matters.  In response to the only contested motion for extension, Defendants objected to the extension because of the designation of Dr. Copp and the delivery of his report, and the court overruled the objection and granted an extension through a July 1, 2003 for completion of discovery.  By agreements of the parties, the discovery deadline was later extended to September 1, 2003 and then to January 1, 2004.

Throughout all of these extensions, Defendants knew of Dr. Copp and had his report.  Defendants chose not to depose him.

Defendants claim that the disclosure of Dr. Copp occurred nine months after the deadline.  By their own motion, they acknowledge that they had his report seven months <u>before</u> the discovery deadline.

Defendants claim they were deprived of the opportunity to depose Dr. Copp.  By reason of the extensions of time, Defendants had a broad opportunity to depose Dr. Copp if they so chose.  They suffered no prejudice.

**Conclusion.**

Defendants' current counsel was not involved in the discovery stage of this case, assuming lead role long after discovery ended and the summary judgment motion was

pending.  The original deadlines were changed numerous times, and the parties worked

cooperatively to provide and receive information.  Defendants chose not to depose Dr.

Copp.  There is no basis to preclude Dr. Copp's testimony or report.

          **ERNESTO GALARZA**
          **PLAINTIFF**


      By: _____
        Charles D. Houlihan, Jr.
        Federal Bar No. CT 11416
        Post Office Box 582
        Simsbury, CT 06070

        Telephone:   (860) 658-9668
        E-Mail:   charles.houlihan@sbcglobal.net
        Telecopier:   (860) 658-1339

          **ATTORNEY FOR PLAINTIFF**

          **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing has been mailed by United States mail, certified mail, return receipt requested, postage pre-paid to the following:

Robert Rhodes, Esq.
Halloran & Sage
315 Post Road West
Westport CT 06680-4739


on May 30, 2007.

         _____
         Charles D. Houlihan, Jr.
         Commissioner of the Superior Court